IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. ) ) |
| v. | ) ) ) |
| JAX FINANCIAL SERVICING LLC, ANNA MOMMSEN, and BANK FINANCIAL, NATIONAL ASSOCIATION, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Landmark American Insurance Company ("Landmark"), by and through its counsel, Walker Wilcox Matousek LLP, and for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 against Defendants, Jax Financial Servicing LLC ("Jax"), Anna Mommsen ("Mommsen") (collectively with Jax, the "Jax Defendants") and Bank Financial, National Association ("Bank Financial").

**NATURE OF ACTION**

1. Landmark brings this Complaint under 28 U.S.C. §§ 2201 and 2202 seeking a declaration with respect to Landmark's coverage obligations owed to the Jax Defendants in connection with the lawsuit styled *Bank Financial Assn. v. Jax Financial Servicing, LLC* and *Anna Mommsen*, filed in the Northern District of Illinois on February 4, 2022, Case No. 1:22-cv-00625 (the "Underlying Lawsuit").

2. Landmark seeks a determination that it has no duty to defend or indemnify the Jax Defendants in the Underlying Lawsuit.

1

3. As a result of the dispute between Landmark and the Jax Defendants regarding the existence of insurance coverage for the Underlying Lawsuit, there is an actual case or controversy between the parties.

## PARTIES

4. Landmark is an insurance company that is organized and exists pursuant to the laws of the state of Oklahoma, with its principal place of business in the state of Georgia.

5. Jax is a Wyoming limited liability company with its principal place of business located at 111 West Washington Street, Suite 1270, Chicago, Illinois 60602. Each member of Jax is a citizen of a state other than Oklahoma and Georgia.

6. Mommsen is an individual who is the principal, sole member and/or manager of Jax, and resides in Jackson, Wyoming.

7. Bank Financial is a national banking association with its principal place of business at 60 North Frontage Road, Burr Ridge, Illinois 60527.

8. Bank Financial is joined as a nominal defendant in this action as it is an interested and necessary party to the relief sought pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 19(b).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity between Plaintiff and Defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.

10. This Court has personal jurisdiction over Defendants because they are residents of or otherwise conduct business in Illinois, including the actions giving rise to the Underlying Lawsuit and the present insurance dispute.

11. Venue is proper pursuant to 28 U.S.C. §§ 139l(b)(1) and (2) because several Defendants are residents of this district and a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this district, which gives rise to Landmark's claim for no insurance coverage in this action.

## FACTUAL BACKGROUND

### *The Underlying Lawsuit*

12. On February 5, 2022, Bank Financial filed the Underlying Lawsuit against the Jax Defendants. A true and correct copy of the complaint filed in the Underlying Lawsuit is attached as Exhibit 1.

13. The Underlying Lawsuit alleges the following:

   a. Bank Financial extended a revolving line of credit to certain borrowers (the "Borrowers") to facilitate their purchase of delinquent property taxes. (Ex. 1, Compl., ¶ 6).

   b. As a condition of Bank Financial extending the revolving line of credit, the Borrowers agreed to grant Bank Financial a security interest in the delinquent tax liabilities purchased, which are evidenced by certain Certificates of Purchase ("Certificates"). (Ex. 1, Compl., ¶¶ 6-7, 11; Exs. 1-2).

   c. Thereafter, the Borrowers purchased certain Certificates and subsequently delivered the Certificates to Bank Financial to hold as collateral. (Ex. 1, Compl., ¶ 8).

   d. To satisfy its obligations to Bank Financial, the Borrowers requested that Bank Financial release the Certificates to Jax for redemption. (Ex. 1, Compl., ¶ 12).

   e. Prior to doing so, Bank Financial and Jax entered into "Redemption Trust Receipt" Agreements for each Certificate tendered. (Ex. 1, Compl., ¶ 12-13; Ex. 3).

      f.      Paragraph Two of the "Redemption Trust Receipt" Agreements states, in relevant part that the Certificates were delivered to Jax "solely for the purpose of ultimate sale or exchange or of presentation, collection, renewal or registration of transfer. [Jax] further agrees (1) to hold the Collateral in trust for the Bank; (b) to deliver the Collateral to the Bank upon request of the Bank or at any earlier time of accomplishment of the purpose for which the above described property is being delivered to [Jax], but in any event such delivery to the Bank shall be made ***not later than 30 days from the date hereof;*** and (c) do such act and things as the Bank may from time to time request to maintain a valid security interest on the part of the Bank in the Collateral (free of all other liens and claims whatsoever) to secure the payment of liabilities." (Ex. 1, Compl., Ex. 3, Redemption Trust Receipts) (emphasis added).

      g.      The Certificates were tendered to Jax from December 19, 2019 through November 24, 2020. (Ex. 1, Compl., Redemption Trust Receipts, Ex. 3).

      h.      In violation of the Redemption Trust Receipts Agreements, Jax did not tender payment of the proceeds from the sale or the tax deeds obtained from the redemption of the Certificates or return any of the Certificates, to the extent that they were unredeemed. (Ex. 1, Compl., ¶¶ 14-18).

      i.      Pursuant to the Redemption Trust Receipts Agreements, Jax was contractually obligated to do so prior to December 24, 2020 or within 30-days of November 24, 2020. (Ex. 1, Compl., Redemption Trust Receipts, Ex. 3).

      j.      Bank Financial demanded that Jax tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates, and Jax did not do so. (Ex. 1, Compl., ¶ 19).

k. Rather, Jax knowingly released the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates to the Borrowers. (Ex. 1, Compl., ¶ 20-21).

14. The Underlying Lawsuit asserts two claims against the Jax Defendants: (1) Breach of Contract (Count I); and (2) Breach of Fiduciary Duty (Count II). (Ex. 1, Compl., pp. 6–8).

15. The Underlying Lawsuit alleges that the estimated value of the proceeds from the sale of the Certificates, the tax deeds obtained, and the unredeemed Certificates to be $1,461,966.04. (Ex. 1, Compl., ¶ 22).

16. The Underlying Lawsuit seeks compensatory damages in the amount of $1,461,966.04 as well as punitive damages in an amount to be determined by the Court. (Ex. 1, Compl., pp. 6–8).

### *The 2022-2023 Landmark Policy*

17. Landmark issued a Professional Liability Policy, policy no. LHR794660, to Jax for the policy period of February 17, 2022 to February 17, 2023 (the "22/23 Policy"). The 22/23 Policy carries a $1,000,000 Each Claim Limit and a $1,000,000 Aggregate Limit, subject to a $2,500 Each Claim Deductible. A true and correct copy of the 22/23 Policy is attached hereto as Exhibit 2.

18. The 22/23 Policy imposes on Landmark "the right and duty to defend any **Claim** against an Insured seeking Damages to which this policies applies[.]" (Ex. 2, 22/23 Policy, Section I. B.).

19. The 22/23 Policy's Insuring Agreement states, in relevant, part as follows:

**Part I. - INSURING AGREEMENT**

A. **Covered Services**

> The Company will pay on behalf of the Insured, as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, **Advertising Liability** or **Personal Injury**, even if the **Claim** asserted is groundless. false or fraudulent. in the rendering of or failure to render professional services as described in the Declarations, provided that the:
>
> 1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period**:
>
> 2. Negligent act, error or omission, **Advertising Liability** or **Personal Injury** took place in a covered territory:
>
> 3. Negligent act, error or omission. **Advertising Liability** or **Personal Injury** took place after the **Retroactive Date** as shown in the Declarations.

20. The 22/23 Policy defines **Claim** as "a written demand for monetary or non-monetary relief received by the Insured during the **Policy Period**, including the service of suit, or the institution of an arbitration proceeding." (Ex. 2, 22/23 Policy, § III. C.).

21. The 22/23 Policy's **Retroactive Date** is February 17, 2022. (Ex. 2, 22/23 Policy, Dec.).

22. Section II and Endorsement No. 1 of the 22/23 Policy states, in relevant part, as follows:

> This Policy does not apply to any **Claim** or **Claim Expenses** based on or arising out of:
>
> A. Dishonest, fraudulent, criminal or intentional acts, errors or omissions committed by or at the direction of any Insured.
>
> \*\*\*
>
> K. An alleged act, error or omission, **Advertising Liability** or **Personal Injury**, or circumstance likely to give rise to a Claim that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior Claim or possible Claim referenced in the Insured's application.
>
> \*\*\*
>
> T. Commingling, conversion, misappropriation or defalcation of funds or other property.

6

23. Section IV. of the 22/23 Policy also states, in relevant part, as follows:

**N. Application**

The Insured agrees that the statements in the application are personal representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the Insured and [Landmark], or any of its agents, relating to this insurance. The signed application, and any attachments thereto, submitted in connection with this Policy are incorporated herein and constitute a part of this Policy.

24. Prior to Landmark's issuance of the 22/23 Policy, Jax submitted a "Renewal Application for Miscellaneous Professional Liability Insurance" (the "Application"). A true and correct copy of the Application is contained on Pages 19-20 of the 22/23 Policy. (Ex. 2, 22/23 Policy, pp. 19-20).

25. The Application consisted of twelve questions, one of which was Question 10 which asked "In the past twelve (12) months, has any professional liability claim or suit ever been made against [Jax] or any of its processor firms?"

26. In response, Mommsen, as sole member of Jax, answered "No." (Ex. 2, 22/23 Policy, p. 20).

27. In submitting the Application to Landmark, Mommsen, as the sole member of Jax, declared that the "above statement and representations [(including the Answer to Question 10)] are true and correct, and that no facts have been suppressed or misstated." (Ex. 2, 22/23 Policy, p. 20).

*Other Landmark Policies*

28. In addition to the 22/23 Policy, Landmark issued a Professional Liability Policy, policy no. LHR775763, to Jax for the Policy Period of April 29, 2019 to April 29, 2020 (the "19/20 Policy"). A true and correct copy of the 19/20 Policy is attached as Exhibit 3.

7

29. Landmark also issued a Professional Liability, policy no. LHR782141, to Jax for the Policy Period of April 29, 2020 through April 29, 2021 (the "20/21 Policy"). A true and correct copy of the 20/21 Policy is attached as Exhibit 4.

30. The 19/20 Policy and the 20/21 Policy carry a $1,000,000 Each Claim limit and a $1,000,000 Aggregate Limit subject to a $2,500 Each Claim Deductible.

31. The Insuring Agreements of the 19/20 Policy and the 20/21 Policy state, in relevant part:

> **Part I. - INSURING AGREEMENT**
>
> **A. Covered Services**
>
> The Company will pay on behalf of the Insured, as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, **Advertising Liability** or **Personal Injury**, even if the **Claim** asserted is groundless. false or fraudulent. in the rendering of or failure to render professional services as described in the Declarations, provided that the:
>
> 1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period**:
>
> 2. Negligent act, error or omission, **Advertising Liability** or **Personal Injury** took place in a covered territory:
>
> 3. Negligent act, error or omission. **Advertising Liability** or **Personal Injury** took place after the **Retroactive Date** as shown in the Declarations.

(Ex. 3, 19/20 Policy, § I.A.); (Ex. 4; 20/21 Policy, § I.A.).

32. The 19/20 Policy and the 20/21 Policy define **Claim** as "a written demand for monetary or non-monetary relief received by the Insured during the **Policy Period**, including the service of suit, or the institution of an arbitration proceeding." (Ex. 3, 19/20 Policy, § III. C.); (Ex. 4, 20/21 Policy, § III. C.).

33. Landmark did not renew the 20/21 Policy and did not issue an insurance policy to Jax for the time period of April 29, 2021 through February 17, 2022.

34. The 19/20, 20/21, and 22/23 Policies are collectively referred to herein as the "Landmark Policies."

*Landmark's Coverage Communications*

35. On March 2, 2022, the Jax Defendants tendered the Underlying Lawsuit to Landmark for coverage under the Landmark Policies.

36. On March 22, 2022, Landmark denied coverage for the Underlying Lawsuit.

37. In doing so, Landmark noted that the Underlying Lawsuit constitutes a **Claim** first made against the Jax Defendants during the **Policy Period** of the 22/23 Policy, but not the 19/20 Policy or the 20/21 Policy.

38. Landmark also noted that the Underlying Lawsuit does not satisfy the 22/23 Policy's Insuring Agreement because the Underlying Lawsuit does not arise out of a negligent act, error or omission that took place after the Policy's **Retroactive Date**, February 17, 2022.

39. Further, Landmark noted that the application of Exclusions A, K and T precludes coverage for the Underlying Lawsuit.

40. Moreover, Landmark noted that the application of Condition N potentially applied to limit or preclude coverage for the Underlying Lawsuit.

41. Landmark's denial letter also requested that Jax withdraw its claim for coverage for the reasons stated in the letter.

42. The Jax Defendants acknowledged receipt of the denial letter but did not agree to withdraw the claim, necessitating this lawsuit.

### COUNT I – DECLARATORY JUDGMENT
*Insuring Agreement of the 22/23 Policy*

43. The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

44. An actual case or controversy exists between Landmark and the Jax Defendants.

45. Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

46. The acts, errors, or omissions alleged in the Underlying Lawsuit are that the Jax Defendants breached the Redemption Trust Agreement with and their fiduciary duties to Bank Financial on or before December 24, 2020, prior to the 22/23 Policy's **Retroactive Date** of February 17, 2022.

47. Accordingly, the Underlying Lawsuit does not satisfy the 22/23 Policy's Insuring Agreement and the 22/23 Policy does not afford coverage to the Jax Defendants for the Underlying Lawsuit.

48. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

### COUNT II – DECLARATORY JUDGMENT
*Insuring Agreement of the 19/20 and 20/21 Policies*

49. The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

50. An actual case or controversy exists between Landmark and the Jax Defendants.

51. Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

52. The Insuring Agreements of the 19/20 Policy and 20/21 Policy only afford coverage for a **Claim** first made against the Jax Defendants during the **Policy Period** of the 19/20 Policy (April 29, 2019 to April 29, 2020) or the 20/21 Policy (April 29, 2020 to April 29, 2021).

53. The Underlying Lawsuit was filed on February 5, 2022.

54. Accordingly, the Underlying Lawsuit does not satisfy the Insuring Agreements of the 19/20 Policy or the 20/21 Policy.

55. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

### COUNT III – DECLARATORY JUDGMENT
*Exclusion A of the 22/23 Policy*

56. The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

57. An actual case or controversy exists between Landmark and the Jax Defendants.

58. Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

59. The 22/23 Policy contains Exclusion A, which precludes coverage for any Claim based on or arising out of dishonest, fraudulent, criminal or intentional acts, errors or omissions committed by or at the direction of any Insured.

60. The Complaint in the Underlying Lawsuit alleges that the Jax Defendants "***knowingly*** released the [] Certificates or the Proceeds to the Borrowers in violation of the Loan Documents and the Redemption Trust Receipts." (Ex. 1, Compl., ¶ 21) (emphasis added).

61. Accordingly, Exclusion A precludes coverage for the Underlying Lawsuit because the Underlying Lawsuit arises from intentional acts, errors or omissions committed by or at the direction of the Jax Defendants.

62. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

## COUNT IV – DECLARATORY JUDGMENT
*Exclusion K of the 22/23 Policy*

63. The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

64. An actual case or controversy exists between Landmark and the Jax Defendants.

65. Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

66. The 22/23 Policy contains Exclusion K, which precludes coverage for any Claim based on or arising out of acts, errors, omissions, or circumstances likely to give rise to a Claim that an Insured had knowledge of prior to the effective date of this policy.

67. The effective date of the 22/23 Policy is February 17, 2022.

68. The Complaint in the Underlying Lawsuit alleges that Bank Financial demanded that the Jax Defendants tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates prior to February 17, 2022. (Ex. 1, Compl., ¶ 19).

69. The Complaint in the Underlying Lawsuit further alleges that the Jax Defendants breached the Redemption Trust Agreement with and its fiduciary duties to Bank Financial prior to February 17, 2022. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

70. Accordingly, Exclusion K precludes coverage for the Lawsuit because the Jax Defendants had knowledge of circumstances likely to give rise to a **Claim** prior to February 17, 2022.

71. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

## COUNT V – DECLARATORY JUDGMENT
*Exclusion T of the 22/23 Policy*

72. The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

73. An actual case or controversy exists between Landmark and the Jax Defendants.

74. Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

75. The 22/23 Policy contains Exclusion T, which precludes coverage for any Claim based on or arising out of commingling, conversion, misappropriation or defalcation of funds or other property.

76. The Complaint in the Underlying Lawsuit alleges that the Jax Defendants misappropriated and/or defalcated certificates or proceeds by "knowingly releasing the [] Certificates or the Proceeds to the Borrowers in violation of the Loan Documents and the Redemption Trust Receipts." (Ex. 1, Compl., ¶ 21) (emphasis added).

77. The Complaint in the Underlying Lawsuit further alleges that the Jax Defendants did so despite the fact that the Redemption Trust Receipt Agreements required the Jax Defendants, as Bank Financial's Trustee, to tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates to Bank Financial. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

78. Accordingly, Exclusion T precludes coverage for the Underlying Lawsuit because the Underlying Lawsuit arises from the Jax Defendants commingling, conversion, misappropriation or defalcation of Bank Financial's funds or other property.

79. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

## COUNT VI – DECLARATORY JUDGMENT
*Condition N of the 22/23 Policy*

80. The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

81. An actual case or controversy exists between Landmark and the Jax Defendants.

82. Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

83. The 22/23 Policy contains Condition N, which provides that the Insured agrees that the statements in the application are material to the contract and that the 22/23 Policy is issued in reliance upon the truth of those representations.

84. In response to question 10 of the Application for the 22/23 Policy, the Jax Defendants' represented that no professional liability claim or suit had ever been made against the Jax Defendants.

85. The Application for the 22/23 Policy was executed by Ms. Mommsen as Sole Member of Jax on February 16, 2022.

86. Bank Financial initiated the Underlying Lawsuit against the Jax Defendants on February 5, 2022. (Ex. 1, Compl.).

87. The Complaint in the Underlying Lawsuit alleges that Bank Financial demanded that the Jax Defendants tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates prior to the filing of the Lawsuit on February 4, 2022. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

88. The Complaint in the Underlying Lawsuit further alleges that the Jax Defendants breached the Redemption Trust Agreement with and its fiduciary duties to Bank Financial prior to February 17, 2022. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

89. The Jax Defendants violated Condition N of the 22/23 Policy by failing to disclose Bank Financial's claim against the Jax Defendants prior to Landmark's issuance of the Policy.

90. Accordingly, Condition N precludes coverage for the Lawsuit because the Jax Defendants had notice of a professional liability claim or suit asserted by Bank Financial against the Jax Defendants and failed to notify Landmark.

91. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff, Landmark American Insurance Company ("Landmark"), prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Landmark Policies with the following relief:

a. Declaring the rights and obligations of Landmark under the Landmark Policies regarding the lawsuit styled *Bank Financial Assn. v. Jax Financial Servicing, LLC* and *Anna Mommsen*, filed in the Northern District of Illinois on February 4, 2022, Case No. 1:22-cv-00625 ("the Underlying Lawsuit").

b. Declaring that Landmark does not owe a duty to defend or indemnify Defendants, Jax and Anna Mommsen, under the Landmark Policies in connection with the Underlying Lawsuit.

c. Any further relief that this Court deems just and appropriate.

<table>
<tr><td>

**Dated:** July 1, 2022

</td><td>

Respectfully Submitted,

LANDMARK AMERICAN
INSURANCE COMPANY

/s/ Michael A. Mintzer
One of its Attorneys

</td></tr>
</table>

Kevin A. Lahm
Michael A. Mintzer
WALKER WILCOX MATOUSEK LLP
1 North Franklin Street, Suite 3200
Chicago, Illinois 60606
(312) 244-6700 (Telephone)
(312) 244-6800 (Facsimile)
klahm@walkerwilcox.com
mmintzer@walkerwilcox.com

*Attorneys for Plaintiff Landmark American Insurance Company*