**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY , | ) ) ) | CASE NO. 1:22-cv-03446 |
| | ) | Honorable Edmond E. Chang |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JAX FINANCIAL SERVICING, LLC, et al., | ) ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT BANKFINANCIAL NATIONAL ASSOCIATION

NOW COMES Defendant, BankFinancial National Association ("BankFinancial"), by and through undersigned counsel, and for its Answer to the Complaint, states as follows:

### NATURE OF ACTION

1.     Landmark brings this Complaint under 28 U.S.C. §§ 2201 and 2202 seeking a declaration with respect to Landmark's coverage obligations owed to the Jax Defendants in connection with the lawsuit styled Bank Financial Assn. v. Jax Financial Servicing, LLC and Anna Mommsen, filed in the Northern District of Illinois on February 4, 2022, Case No. 1:22-cv-00625 (the "Underlying Lawsuit").

**ANSWER:**     **BankFinancial admits that it filed an action for breach of contract and breach of fiduciary duty against Jax Financial Servicing, LLC in the Northern District of Illinois on February 4, 2022, Case No. 1:22-cv-00625.**

2.     Landmark seeks a determination that it has no duty to defend or indemnify the Jax Defendants in the Underlying Lawsuit.

**ANSWER:**     **The allegations in Paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.**

3.      As a result of the dispute between Landmark and the Jax Defendants regarding the existence of insurance coverage for the Underlying Lawsuit, there is an actual case or controversy between the parties.

**ANSWER:      The allegations in Paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.**

## PARTIES

4.      Landmark is an insurance company that is organized and exists pursuant to the laws of the state of Oklahoma, with its principal place of business in the state of Georgia.

**ANSWER:      BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies the same.**

5.      Jax is a Wyoming limited liability company with its principal place of business located at 111 West Washington Street, Suite 1270, Chicago, Illinois 60602. Each member of Jax is a citizen of a state other than Oklahoma and Georgia.

**ANSWER:      BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies the same.**

6.      Mommsen is an individual who is the principal, sole member and/or manager of Jax, and resides in Jackson, Wyoming.

**ANSWER:      BankFinancial admits the allegations asserted in Paragraph 6.**

7.      Bank Financial is a national banking association with its principal place of business at 60 North Frontage Road, Burr Ridge, Illinois 60527.

**ANSWER:      BankFinancial admits the allegations asserted in Paragraph 7.**

8.     Bank Financial is joined as a nominal defendant in this action as it is an interested and necessary party to the relief sought pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 19(b).

**ANSWER:     The allegations in Paragraph 8 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial denies the allegations in Paragraph 8.**

### JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity between Plaintiff and Defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.

**ANSWER:     The allegations in Paragraph 9 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial denies the allegations in Paragraph 9.**

10.     This Court has personal jurisdiction over Defendants because they are residents of or otherwise conduct business in Illinois, including the actions giving rise to the Underlying Lawsuit and the present insurance dispute.

**ANSWER:     The allegations in Paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial denies the allegations in Paragraph 10.**

11.     Venue is proper pursuant to 28 U.S.C. §§ 139l(b)(1) and (2) because several Defendants are residents of this district and a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this district, which gives rise to Landmark's claim for no insurance coverage in this action.

**ANSWER:     The allegations in Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial denies the allegations in Paragraph 11.**

## FACTUAL BACKGROUND
### *The Underlying Lawsuit*

12.     On February 5, 2022, Bank Financial filed the Underlying Lawsuit against the Jax

Defendants. A true and correct copy of the complaint filed in the Underlying Lawsuit is attached

as Exhibit 1.

**ANSWER:    BankFinancial admits that it filed the Underlying Lawsuit in the
Northern District of Illinois, but states that it filed its complaint on February 4, 2022.
BankFinancial further states that it filed a Notice of Voluntary Dismissal as to Anne
Mommsen on April 1, 2022.**

13.     The Underlying Lawsuit alleges the following:

a.      Bank Financial extended a revolving line of credit to certain borrowers (the

"Borrowers") to facilitate their purchase of delinquent property taxes. (Ex. 1, Compl., ¶ 6).

b.      As a condition of Bank Financial extending the revolving line of credit, the

Borrowers agreed to grant Bank Financial a security interest in the delinquent tax liabilities

purchased, which are evidenced by certain Certificates of Purchase ("Certificates"). (Ex.

1, Compl., ¶¶ 6-7, 11; Exs. 1-2).

c.      Thereafter, the Borrowers purchased certain Certificates and subsequently

delivered the Certificates to Bank Financial to hold as collateral. (Ex. 1, Compl., ¶ 8).

d.      To satisfy its obligations to Bank Financial, the Borrowers requested that

Bank Financial release the Certificates to Jax for redemption. (Ex. 1, Compl., ¶ 12).

e.      Prior to doing so, Bank Financial and Jax entered into "Redemption Trust

Receipt" Agreements for each Certificate tendered. (Ex. 1, Compl., ¶ 12-13; Ex. 3).

f.      Paragraph Two of the "Redemption Trust Receipt" Agreements states, in

relevant part that the Certificates were delivered to Jax "solely for the purpose of ultimate

sale or exchange or of presentation, collection, renewal or registration of transfer. [Jax]

further agrees (1) to hold the Collateral in trust for the Bank; (b) to deliver the Collateral

4

to the Bank upon request of the Bank or at any earlier time of accomplishment of the purpose for which the above described property is being delivered to [Jax], but in any event such delivery to the Bank shall be made not later than 30 days from the date hereof; and (c) do such act and things as the Bank may from time to time request to maintain a valid security interest on the part of the Bank in the Collateral (free of all other liens and claims whatsoever) to secure the payment of liabilities." (Ex. 1, Compl., Ex. 3, Redemption Trust Receipts) (emphasis added).

g.      The Certificates were tendered to Jax from December 19, 2019 through November 24, 2020. (Ex. 1, Compl., Redemption Trust Receipts, Ex. 3).

h.      In violation of the Redemption Trust Receipts Agreements, Jax did not tender payment of the proceeds from the sale or the tax deeds obtained from the redemption of the Certificates or return any of the Certificates, to the extent that they were unredeemed. (Ex. 1, Compl., ¶¶ 14-18).

i.      Pursuant to the Redemption Trust Receipts Agreements, Jax was contractually obligated to do so prior to December 24, 2020 or within 30-days of November 24, 2020. (Ex. 1, Compl., Redemption Trust Receipts, Ex. 3).

j.      Bank Financial demanded that Jax tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates, and Jax did not do so. (Ex. 1, Compl., ¶ 19).

k.      Rather, Jax knowingly released the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates to the Borrowers. (Ex. 1, Compl., ¶ 20-21).

**ANSWER:    In response to the allegations set forth in Paragraphs 13(a)-(k), BankFinancial states that the allegations quote the complaint and exhibits attached thereto filed in the Underlying Lawsuit.  The complaint and exhibits speak for themselves and are**

5

the best evidence of its content. **BankFinancial denies any mischaracterization of the same. BankFinancial admits the remaining allegations set forth in Paragraphs 13(a)-(k) of the Complaint.**

14.     The Underlying Lawsuit asserts two claims against the Jax Defendants: (1) Breach of Contract (Count I); and (2) Breach of Fiduciary Duty (Count II). (Ex. 1, Compl., pp. 6–8).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 14.**

15.     The Underlying Lawsuit alleges that the estimated value of the proceeds from the sale of the Certificates, the tax deeds obtained, and the unredeemed Certificates to be $1,461,966.04. (Ex. 1, Compl., ¶ 22).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 15.**

16.     The Underlying Lawsuit seeks compensatory damages in the amount of $1,461,966.04 as well as punitive damages in an amount to be determined by the Court. (Ex. 1, Compl., pp. 6–8).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 16.**

### *The 2022-2023 Landmark Policy*

17.     Landmark issued a Professional Liability Policy, policy no. LHR794660, to Jax for the policy period of February 17, 2022 to February 17, 2023 (the "22/23 Policy"). The 22/23 Policy carries a $1,000,000 Each Claim Limit and a $1,000,000 Aggregate Limit, subject to a $2,500 Each Claim Deductible. A true and correct copy of the 22/23 Policy is attached hereto as Exhibit 2.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the same.**

18. The 22/23 Policy imposes on Landmark "the right and duty to defend any Claim against an Insured seeking Damages to which this policies applies[.]" (Ex. 2, 22/23 Policy, Section I. B.).

**ANSWER:    BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.**

19. The 22/23 Policy's Insuring Agreement states, in relevant, part as follows:

**Part I. - INSURING AGREEMENT**

**A. Covered Services**

The Company will pay on behalf of the Insured, as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, **Advertising Liability** or **Personal Injury**, even if the **Claim** asserted is groundless. false or fraudulent. in the rendering of or failure to render professional services as described in the Declarations, provided that the:

1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period**:

2. Negligent act, error or omission, **Advertising Liability** or **Personal Injury** took place in a covered territory:

3. Negligent act, error or omission. **Advertising Liability** or **Personal Injury** took place after the **Retroactive Date** as shown in the Declarations.

**ANSWER:    BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.**

20. The 22/23 Policy defines Claim as "a written demand for monetary or non-monetary relief received by the Insured during the Policy Period, including the service of suit, or the institution of an arbitration proceeding." (Ex. 2, 22/23 Policy, § III. C.).

**ANSWER:    BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.**

5671213.1

21.     The 22/23 Policy's Retroactive Date is February 17, 2022. (Ex. 2, 22/23 Policy, Dec.).

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.**

22.     Section II and Endorsement No. 1 of the 22/23 Policy states, in relevant part, as follows:

> This Policy does not apply to any **Claim** or **Claim Expenses** based on or arising out of:

> A.     Dishonest, fraudulent, criminal or intentional acts, errors or omissions committed by or at the direction of any Insured.

> \* \* \*

> K.     An alleged act, error or omission, **Advertising Liability** or **Personal Injury**, or circumstance likely to give rise to a Claim that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior Claim or possible Claim referenced in the Insured's application.

> \* \* \*

> T.     Commingling, conversion, misappropriation or defalcation of funds or other property.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.**

23.     Section IV. of the 22/23 Policy also states, in relevant part, as follows:

> **N.     Application**

> The Insured agrees that the statements in the application are personal representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the Insured and [Landmark], or any of its agents, relating to this insurance. The signed application, and any attachments thereto, submitted in connection with this Policy are incorporated herein and constitute a part of this Policy.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.**

24.     Prior to Landmark's issuance of the 22/23 Policy, Jax submitted a "Renewal Application for Miscellaneous Professional Liability Insurance" (the "Application"). A true and correct copy of the Application is contained on Pages 19-20 of the 22/23 Policy. (Ex. 2, 22/23 Policy, pp. 19-20).

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.**

25.     The Application consisted of twelve questions, one of which was Question 10 which asked "In the past twelve (12) months, has any professional liability claim or suit ever been made against [Jax] or any of its processor firms?"

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.**

26.     In response, Mommsen, as sole member of Jax, answered "No." (Ex. 2, 22/23 Policy, p. 20).

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.**

27.     In submitting the Application to Landmark, Mommsen, as the sole member of Jax, declared that the "above statement and representations [(including the Answer to Question 10)] are true and correct, and that no facts have been suppressed or misstated." (Ex. 2, 22/23 Policy, p. 20).

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.**

### *Other Landmark Policies*

28.     In addition to the 22/23 Policy, Landmark issued a Professional Liability Policy, policy no. LHR775763, to Jax for the Policy Period of April 29, 2019 to April 29, 2020 (the "19/20 Policy"). A true and correct copy of the 19/20 Policy is attached as Exhibit 3.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies the same.**

5671213.1

29.     Landmark also issued a Professional Liability, policy no. LHR782141, to Jax for the Policy Period of April 29, 2020 through April 29, 2021 (the "20/21 Policy"). A true and correct copy of the 20/21 Policy is attached as Exhibit 4.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.**

30.     The 19/20 Policy and the 20/21 Policy carry a $1,000,000 Each Claim limit and a $1,000,000 Aggregate Limit subject to a $2,500 Each Claim Deductible.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same.**

31.     The Insuring Agreements of the 19/20 Policy and the 20/21 Policy state, in relevant part:

**Part I. - INSURING AGREEMENT**

**A. Covered Services**

The Company will pay on behalf of the Insured, as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, **Advertising Liability** or **Personal Injury**, even if the **Claim** asserted is groundless. false or fraudulent. in the rendering of or failure to render professional services as described in the Declarations, provided that the:

1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period:**

2. Negligent act, error or omission, **Advertising Liability** or **Personal Injury** took place in a covered territory:

3. Negligent act, error or omission. **Advertising Liability** or **Personal Injury** took place after the **Retroactive Date** as shown in the Declarations.

(Ex. 3, 19/20 Policy, § I.A.); (Ex. 4; 20/21 Policy, § I.A.).

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies the same.**

32.     The 19/20 Policy and the 20/21 Policy define Claim as "a written demand for monetary or non-monetary relief received by the Insured during the Policy Period, including the

service of suit, or the institution of an arbitration proceeding." (Ex. 3, 19/20 Policy, § III. C.); (Ex. 4, 20/21 Policy, § III. C.).

**ANSWER:** **BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies the same.**

33.     Landmark did not renew the 20/21 Policy and did not issue an insurance policy to Jax for the time period of April 29, 2021 through February 17, 2022.

**ANSWER:** **BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies the same.**

34.     The 19/20, 20/21, and 22/23 Policies are collectively referred to herein as the "Landmark Policies."

**ANSWER:** **BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies the same.**

### *Landmark's Coverage Communications*

35.     On March 2, 2022, the Jax Defendants tendered the Underlying Lawsuit to Landmark for coverage under the Landmark Policies.

**ANSWER:** **BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies the same.**

36.     On March 22, 2022, Landmark denied coverage for the Underlying Lawsuit.

**ANSWER:** **BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies the same.**

37.     In doing so, Landmark noted that the Underlying Lawsuit constitutes a Claim first made against the Jax Defendants during the Policy Period of the 22/23 Policy, but not the 19/20 Policy or the 20/21 Policy.

**ANSWER:** **BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies the same.**

38.     Landmark also noted that the Underlying Lawsuit does not satisfy the 22/23 Policy's Insuring Agreement because the Underlying Lawsuit does not arise out of a negligent act, error or omission that took place after the Policy's Retroactive Date, February 17, 2022.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.**

39.     Further, Landmark noted that the application of Exclusions A, K and T precludes coverage for the Underlying Lawsuit.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies the same.**

40.     Moreover, Landmark noted that the application of Condition N potentially applied to limit or preclude coverage for the Underlying Lawsuit.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies the same.**

41.     Landmark's denial letter also requested that Jax withdraw its claim for coverage for the reasons stated in the letter.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies the same.**

42.     The Jax Defendants acknowledged receipt of the denial letter but did not agree to withdraw the claim, necessitating this lawsuit.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies the same.**

### COUNT I – DECLARATORY JUDGMENT
### *Insuring Agreement of the 22/23 Policy*

43.     The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

**ANSWER:     BankFinancial repeats and realleges each and every preceding response as if set forth at length herein.**

5671213.1

44.     An actual case or controversy exists between Landmark and the Jax Defendants.

**ANSWER:     The allegations in Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies the same.**

45.     Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies the same.**

46.     The acts, errors, or omissions alleged in the Underlying Lawsuit are that the Jax Defendants breached the Redemption Trust Agreement with and their fiduciary duties to Bank Financial on or before December 24, 2020, prior to the 22/23 Policy's **Retroactive Date** of February 17, 2022.

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 46.**

47.     Accordingly, the Underlying Lawsuit does not satisfy the 22/23 Policy's Insuring Agreement and the 22/23 Policy does not afford coverage to the Jax Defendants for the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 47 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies the same.**

48.     Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 458 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies the same.**

5671213.1

## COUNT II – DECLARATORY JUDGMENT
### *Insuring Agreement of the 19/20 and 20/21 Policies*

49.     The allegations of paragraphs 1 through 42 of this Complaint are incorporated by

reference and realleged as if fully set forth herein.

**ANSWER:** **BankFinancial repeats and realleges each and every preceding response as if set forth at length herein.**

50.     An actual case or controversy exists between Landmark and the Jax Defendants.

**ANSWER:** **The allegations in Paragraph 50 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and therefore denies the same.**

51.     Nominal Defendant Bank Financial is an interested party to the requested

declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

**ANSWER:** **The allegations in Paragraph 51 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore denies the same.**

52.     The Insuring Agreements of the 19/20 Policy and 20/21 Policy only afford coverage

for a Claim first made against the Jax Defendants during the Policy Period of the 19/20 Policy

(April 29, 2019 to April 29, 2020) or the 20/21 Policy (April 29, 2020 to April 29, 2021).

**ANSWER:** **The allegations in Paragraph 52 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies the same.**

53.     The Underlying Lawsuit was filed on February 5, 2022.

**ANSWER:** **BankFinancial states that the Underlying Lawsuit was filed on February 4, 2022.**

54.     Accordingly, the Underlying Lawsuit does not satisfy the Insuring Agreements of

the 19/20 Policy or the 20/21 Policy.

**ANSWER:** **The allegations in Paragraph 54 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without**

14

**knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies the same.**

55.     Therefore, Landmark is entitled to a declaration that it has no duty to defend or

indemnify the Jax Defendants in connection with the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies the same.**

## COUNT III – DECLARATORY JUDGMENT
### *Exclusion A of the 22/23 Policy*

56.     The allegations of paragraphs 1 through 42 of this Complaint are incorporated by

reference and realleged as if fully set forth herein.

**ANSWER:     BankFinancial repeats and realleges each and every preceding response as if set forth at length herein.**

57.     An actual case or controversy exists between Landmark and the Jax Defendants.

**ANSWER:     The allegations in Paragraph 57 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies the same.**

58.     Nominal Defendant Bank Financial is an interested party to the requested

declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 58 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and therefore denies the same.**

59.     The 22/23 Policy contains Exclusion A, which precludes coverage for any Claim

based on or arising out of dishonest, fraudulent, criminal or intentional acts, errors or omissions

committed by or at the direction of any Insured.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies the same.**

5671213.1

60.     The Complaint in the Underlying Lawsuit alleges that the Jax Defendants "knowingly released the [] Certificates or the Proceeds to the Borrowers in violation of the Loan Documents and the Redemption Trust Receipts." (Ex. 1, Compl., ¶ 21) (emphasis added).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 60.**

61.     Accordingly, Exclusion A precludes coverage for the Underlying Lawsuit because the Underlying Lawsuit arises from intentional acts, errors or omissions committed by or at the direction of the Jax Defendants.

**ANSWER:     The allegations in Paragraph 61 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies the same.**

62.     Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 62 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies the same.**

### COUNT IV – DECLARATORY JUDGMENT
### *Exclusion K of the 22/23 Policy*

63.     The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

**ANSWER:     BankFinancial repeats and realleges each and every preceding response as if set forth at length herein.**

64.     An actual case or controversy exists between Landmark and the Jax Defendants.

**ANSWER:     The allegations in Paragraph 64 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies the same.**

65.     Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 65 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies the same.**

66.     The 22/23 Policy contains Exclusion K, which precludes coverage for any Claim based on or arising out of acts, errors, omissions, or circumstances likely to give rise to a Claim that an Insured had knowledge of prior to the effective date of this policy.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies the same.**

67.     The effective date of the 22/23 Policy is February 17, 2022.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies the same.**

68.     The Complaint in the Underlying Lawsuit alleges that Bank Financial demanded that the Jax Defendants tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates prior to February 17, 2022. (Ex. 1, Compl., ¶ 19).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 68.**

69.     The Complaint in the Underlying Lawsuit further alleges that the Jax Defendants breached the Redemption Trust Agreement with and its fiduciary duties to Bank Financial prior to February 17, 2022. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 69.**

5671213.1

70.     Accordingly, Exclusion K precludes coverage for the Lawsuit because the Jax Defendants had knowledge of circumstances likely to give rise to a Claim prior to February 17, 2022.

**ANSWER:     The allegations in Paragraph 70 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies the same.**

71.     Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 71 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies the same.**

## COUNT V – DECLARATORY JUDGMENT
### *Exclusion T of the 22/23 Policy*

72.     The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

**ANSWER:     BankFinancial repeats and realleges each and every preceding response as if set forth at length herein.**

73.     An actual case or controversy exists between Landmark and the Jax Defendants.

**ANSWER:     The allegations in Paragraph 73 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies the same.**

74.     Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 74 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore denies the same.**

75. The 22/23 Policy contains Exclusion T, which precludes coverage for any Claim based on or arising out of commingling, conversion, misappropriation or defalcation of funds or other property.

**ANSWER:** **BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies the same.**

76. The Complaint in the Underlying Lawsuit alleges that the Jax Defendants misappropriated and/or defalcated certificates or proceeds by "knowingly releasing the [] Certificates or the Proceeds to the Borrowers in violation of the Loan Documents and the Redemption Trust Receipts." (Ex. 1, Compl., ¶ 21) (emphasis added).

**ANSWER:** **BankFinancial admits the allegations asserted in Paragraph 76.**

77. The Complaint in the Underlying Lawsuit further alleges that the Jax Defendants did so despite the fact that the Redemption Trust Receipt Agreements required the Jax Defendants, as Bank Financial's Trustee, to tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates to Bank Financial. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

**ANSWER:** **BankFinancial admits the allegations asserted in Paragraph 77.**

78. Accordingly, Exclusion T precludes coverage for the Underlying Lawsuit because the Underlying Lawsuit arises from the Jax Defendants commingling, conversion, misappropriation or defalcation of Bank Financial's funds or other property.

**ANSWER:** **The allegations in Paragraph 78 constitute legal conclusions to which no response is required. To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies the same.**

79. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

**ANSWER:** **The allegations in Paragraph 79 constitute legal conclusions to which no response is required. To the extent a response is required, BankFinancial is without**

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies the same.

## COUNT VI – DECLARATORY JUDGMENT
### *Condition N of the 22/23 Policy*

80.     The allegations of paragraphs 1 through 42 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

**ANSWER:     BankFinancial repeats and realleges each and every preceding response as if set forth at length herein.**

81.     An actual case or controversy exists between Landmark and the Jax Defendants.

**ANSWER:     The allegations in Paragraph 81 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and therefore denies the same.**

82.     Nominal Defendant Bank Financial is an interested party to the requested declaratory relief based on its status as the plaintiff in the Underlying Lawsuit.

**ANSWER:     The allegations in Paragraph 82 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies the same.**

83.     The 22/23 Policy contains Condition N, which provides that the Insured agrees that the statements in the application are material to the contract and that the 22/23 Policy is issued in reliance upon the truth of those representations.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and therefore denies the same.**

84.     In response to question 10 of the Application for the 22/23 Policy, the Jax Defendants' represented that no professional liability claim or suit had ever been made against the Jax Defendants.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and therefore denies the same.**

85.     The Application for the 22/23 Policy was executed by Ms. Mommsen as Sole Member of Jax on February 16, 2022.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and therefore denies the same.**

86.     Bank Financial initiated the Underlying Lawsuit against the Jax Defendants on February 5, 2022. (Ex. 1, Compl.).

**ANSWER:     BankFinancial states that it initiated the Underlying Lawsuit on February 4, 2022.**

87.     The Complaint in the Underlying Lawsuit alleges that Bank Financial demanded that the Jax Defendants tender the proceeds from the sale of the Certificates, the tax deeds obtained from redeeming the Certificates, or the unredeemed Certificates prior to the filing of the Lawsuit on February 4, 2022. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 87.**

88.     The Complaint in the Underlying Lawsuit further alleges that the Jax Defendants breached the Redemption Trust Agreement with and its fiduciary duties to Bank Financial prior to February 17, 2022. (Ex. 1, Compl., ¶¶ 12-21; Ex. 3).

**ANSWER:     BankFinancial admits the allegations asserted in Paragraph 88.**

89.     The Jax Defendants violated Condition N of the 22/23 Policy by failing to disclose Bank Financial's claim against the Jax Defendants prior to Landmark's issuance of the Policy.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore denies the same.**

90.     Accordingly, Condition N precludes coverage for the Lawsuit because the Jax Defendants had notice of a professional liability claim or suit asserted by Bank Financial against the Jax Defendants and failed to notify Landmark.

**ANSWER:     BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies the same.**

5671213.1

91.     Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify the Jax Defendants in connection with the Underlying Lawsuit.

**ANSWER:**    **The allegations in Paragraph 91 constitute legal conclusions to which no response is required.  To the extent a response is required, BankFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies the same.**

## DEMAND FOR JUDGMENT

BankFinancial denies the allegations in the "Demand for Judgement" section following paragraph 91 of the Complaint, including subparts (a) – (c).  BankFinancial further denies that Plaintiff is entitled to any recovery or any form of relief whatsoever from BankFinancial. BankFinancial further denies any and all allegations contained in any unnumbered paragraph, subpart, or heading of the Complaint as well as any other allegation not specifically admitted above.

Dated: September 21, 2022

Respectfully submitted,

TUCKER ELLIS LLP

By: */s/Ashley W. Brandt*
Ashley W. Brandt – ARDC # 6281068
Emily S. Knight – ARDC #6331402
Tucker Ellis LLP
233 South Wacker Drive
Suite 6950
Chicago, IL 60606
Telephone:    312.624.6300
Facsimile:    312.624.6309

*Attorney for Defendant,*
*BankFinancial National Association*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Ashley W. Brandt
Ashley W. Brandt

*Attorney for Defendant,*
*BankFinancial National Association*

5671213.1